Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| MARIA DEL MAR COLL, individually, and as Personal Representative of the Estate of Roger Holt, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, and DOES 1-10, <br><br> Defendants. | CV-21-113-GF-BMM <br><br><br><br> **FIRST AMENDED COMPLAINT** |

Plaintiff alleges as follows:

1. Plaintiff Maria del Mar Coll is the surviving spouse of Roger Holt. Maria del Mar Coll is a citizen of the State of Montana.

2. Maria del Mar Coll brings this action on behalf of herself, on behalf of the

Estate of Roger Holt, and on behalf of the heirs of the Estate of Roger Holt, all of whom have sustained lawful damages as a result of Roger Holt's injuries and death.

3. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq.*, because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

4. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

5. Plaintiff filed Federal Tort Claim Act claims on February 10, 2021. The government did not act on the claims prior to suit being filed in this matter, therefore Plaintiff's claims are ripe for adjudication.

6. Defendants Does 1-10 are individuals whose true identities and capacities are as yet unknown to Plaintiff and her counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged here and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries

alleged here. The true names and capacities of the Doe Defendants will be substituted as they become known.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

8. Roger Coll was diagnosed with COVID-19 on approximately September 5, 2020, but only experienced mild to moderate symptoms associated with the virus.

9. On September 19, 2020, he was contacted by the Lewis and Clark County, Montana, Health Department and asked if he still had symptoms or a fever, and Roger told them that he did not have any symptoms and he was feeling good, just occasionally tired. He was released from quarantine.

10. Roger told his spouse, Maria del Mar Coll, that he still felt tired, and thought he should not still be that tired.

11. Roger called the Helena VA at Fort Harrison on Tuesday, September 22, 2020, and explained his symptoms, but the VA did not want him to come to the hospital.

12. VA providers told Roger it sounded like he was having a panic attack, and they set him up a phone interview with a doctor to take place on Friday, September 25, 2020.

13. Roger woke up early Thursday morning, September 24, 2020, not feeling well. He called the Helena VA, which dispatched an ambulance to his home.

14. At approximately 6:00 am the ambulance arrived at Roger's home in East Helena and paramedics said his oxygen was slightly low and gave him oxygen.

15. After receiving the oxygen, Roger told the paramedics that he felt 100% better and did not feel he needed to go to the hospital. The paramedics said they preferred to take him in, so he agreed to go and walked out to the ambulance, and told his wife he would be home later that day or the next day at most.

16. While at the VA, Roger talked and/or texted with his family members continuously.

17. On Friday, September 25, 2020, the VA told the family they could visit with Roger.

18. Roger's son Kevin made plans to visit with Roger on Saturday, September 26, 2020.

19. However, when Kevin called the hospital on September 26 to schedule the visit, Roger's nurse, named Brian, said that visitors were not allowed due to

COVID policy, and Brian also informed Kevin that when Roger woke up on Saturday morning he was a little confused and disoriented and did not know who Brian was, even though Roger had been talking to Brian earlier.

20. Kevin asked if some medication was causing the disorientation or if could it be something else. Brian said it was most likely the medication.

21. On Saturday, September 26, 2020, the VA providers put Roger in a drug-induced coma, without investigating what was causing Roger to be confused and disoriented.

22. On Sunday morning, September 27, 2020, VA providers called Ms. Coll, asking her permission to put Roger on a ventilator.

23. VA providers told Ms. Coll that they would be sending Roger to the VA in Salt Lake City that day.

24. Due to no beds being available in Salt Lake City, the VA flew Roger to the VA in Denver, Colorado, arriving around 7:00 pm Sunday night.

25. The doctors at the VA in Colorado told family that his case looked promising, especially since the ventilator was set at 10.

26. Two days later the doctors started the process of waking Roger up and removing the ventilator. But when Roger would not or could not wake up,

VA providers ordered a brain scan, which revealed Roger had suffered two strokes.

27. Further testing revealed that the strokes happened while Roger was a patient in the Helena VA at Ft. Harrison on September 25 and 26, 2020.

28. Saturday, September 25 was the day VA providers noticed that Roger had suddenly become confused and disoriented.

29. Roger suffered several more strokes, and VA providers told Ms. Coll that the strokes had caused about a 35% necrosis in his brain.

30. Roger eventually died on October 21, 2020.

31. Health care providers at the Ft. Harrison Health Center violated the standard of care beginning on when they failed to diagnose and treat Roger Holts's medical condition.

32. Health care providers at the Ft. Harrison Health Center were negligent and violated the standard of care in failing to properly assess and properly treat Roger Holt's condition upon his presentations to the VA in September of 2020.

33. Health care providers at the Ft. Harrison Health Center were negligent and violated the standard of care in failing to properly assess and refer Roger

Holt to other medical care providers upon his presentations to the VA in September 2020.

34. As a direct and proximate result of each of the acts and omissions of the VA and health care providers at the Ft. Harrison Health Center alleged in this Complaint, Roger Holt's condition deteriorated and he suffered severe injuries, resulting in his death.

35. Plaintiff should receive lawful damages under Montana's survival statute, MCA § 27-1-501, and wrongful death statute, MCA § 27-1-513, as follows:

   A. For the wrongful death of Roger Holt and the loss of economic and family support, companionship, affection, society, consortium, comfort, and services he provided to his family;

   B. For Roger Holt's mental anguish, pain, and suffering before he died;

   C. For Roger Holt's funeral and burial costs.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

   1. For judgment in such amounts as shall be proven at the time of trial.

   2. For an award of attorney's fees and costs as provided by any applicable provision of law.

   3. For such other and further relief as the Court deems just and

1 equitable.

DATED this 16th day of February, 2022.

                                              /s/ Timothy M. Bechtold
                                              BECHTOLD LAW FIRM, PLLC