MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

ATTORNEY FOR DEFENDANT
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARIA DEL MAR COLL, Individually, and as Personal Representative of the Estate of Roger Holt,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV 21-113-GF-BMM-JTJ<br><br>ANSWER TO AMENDED COMPLAINT |

The United States hereby responds to Plaintiff's complaint in the above-captioned matter. The paragraph numbers used below correspond to the numbering in the complaint.

1.   Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2.   Paragraph 2 characterizes the complaint and claims therein and requires no response.   Denied to the extent any response may be deemed required.

3.-4.   Paragraphs 3 and 4 consist of legal conclusions that require no response.   To the extent any response may be deemed required, deny for lack of knowledge.

5.   The United States admits that Plaintiff filed a Form SF-95 with the Department of Veterans Affairs and denies the remaining allegations.

6.   The United States presently lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7.   Paragraph 7 consists of legal conclusions that require no response.   To the extent any response may be deemed required, deny for lack of knowledge.

8.-10.   The United States lacks sufficient information to form a belief as to the truth of the allegations in paragraphs 8-10, and therefore denies them.

11.   The United States denies paragraph 11, except to admit that Roger Holt contacted the VA Fort Harrison Medical Center Triage Center with a chief complaint of fatigue.

12.   The United States denies paragraph 12.

13.-21.   The United States lacks sufficient information to form a belief as to the truth of the allegations in paragraphs 13-21, and therefore denies them.

22.   The United States admits paragraph 22.

23.-29.   The United States lacks sufficient information to form a belief as to the truth of the allegations of paragraphs 23-29, and therefore denies them, except to admit that Roger Holt was transferred from the Fort Harrison VAMC to the Denver VAMC on September 27, 2020.

30.   The United States admits paragraph 30.

31.-34.   The United States denies paragraphs 31-34.

35.   Paragraph 35 consists of legal conclusions and requests for damages, which require no response.   To the extent any response may be deemed required, deny Plaintiff is entitled to such damages.

The remainder of the complaint consists of Plaintiff prayer for relief, which requires no response.   To the extent any response may be deemed required, deny Plaintiff is entitled to such relief.

## GENERAL DENIAL

Any allegation in the complaint that is not effectively responded to above is hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted. The United States, through its employees and agents, acted with due care and diligence at all relevant times.

2. No acts or omissions by the United States were the proximate cause of any injury to Plaintiff.

3. Plaintiff may only recover to the extent allowed by Montana and Federal law. Montana imposes a $250,000 limit on non-economic damages for medical malpractice claims. Mont. Code Ann. § 25-9-411.

4. To the extent Plaintiff's administrative claim alleges a sum certain, Plaintiff's recovery is limited to that amount pursuant to 28 U.S.C. § 2675(b).

5. To the extent the United States may be held partially responsible for Plaintiff's damages, it is responsible only for the percentage of negligence or fault directly attributable to it, and Plaintiff's recovery, if any, may be reduced or barred by the comparative fault of other third-parties. Mont. Code Ann. § 27-1-703.

6. To the extent Plaintiff's own negligence was a cause in fact, in whole or in part, of Plaintiff's damages, recovery by Plaintiff is either barred or diminished as provided by Mont. Code Ann. § 27-1-702.

7. Plaintiff is not entitled to any damages that may have been sustained by Plaintiff to the extent they were caused, increased, and/or aggravated by Plaintiff's failure to mitigate damages. In addition, any recovery by Plaintiff must be reduced by loss of chance under § 27-1-739, Mont. Code Ann.

8. Any recovery by Plaintiff must be reduced by any collateral source payments that do not involve a right of subrogation. Mont. Code Ann. § 27-1-308.

9. Any future damages of $50,000 or more is subject to the provisions of Mont. Code Ann. § 25-9-412.

10. There is no waiver of sovereign immunity under the Federal Tort Claims Act for negligence committed by non-government entities, employees, and/or providers, which may have caused or contributed to any injury experienced by Plaintiff. 28 U.S.C. §§ 1346(b)(1) and 2671.

11. The United States may be held liable only in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 1346(b)(1).

12. Plaintiff's recovery, if any, is limited to damages allowed under the FTCA and may not include prejudgment interest or punitive damages. 28 U.S.C. § 2674.

13. The United States is entitled to a credit or set-off for past or future benefits paid or payable to, on behalf of, or received by Plaintiff.

14. Attorney's fees are taken out of the judgment or settlement and are governed by statute, and payment of any judgment is subject to the availability of appropriated funds. 28 U.S.C. §§ 2672, 2678.

The United States reserves the right to plead all other affirmative defenses or any applicable state and Federal statutes which through discovery may become applicable.

WHEREFORE, the United States prays for judgment in favor of the United States, that Plaintiff's Complaint be dismissed, that Plaintiff take nothing by way of her Complaint, and for such other and further relief as the Court deems just and proper.

**DATED** this 2nd day of March, 2022.

LEIF M. JOHNSON
United States Attorney

/s/ MARK STEGER SMITH
Assistant U.S. Attorney
Attorney for Defendant