MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

ABBIE J.N. CZIOK
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5268
Fax: (406) 457-5130
Email: abbie.cziok@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARIA DEL MAR COLL, Individually, and as Personal Representative of the Estate of Roger Holt,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV 21-113-GF-BMM<br><br>**UNITED STATES' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Introduction ............................................................................................................. 1

Background ............................................................................................................. 1

Legal Standard ........................................................................................................ 3

Argument ................................................................................................................ 4

Conclusion .............................................................................................................. 8

Certificate of Compliance ....................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beehler v. E. Radiological Assocs.*,
　289 P.3d 131 (Mont. 2012)..................................................................................4

*Busta v. Columbus Hosp. Corp.*,
　916 P.2d 122 (Mont. 1996)..................................................................................5

*Campbell v. United States*,
　No. CV 10-184-GMS, 2013 WL 4875119 (D. Del. Sept. 12, 2013)....................7

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986).............................................................................................4

*Est. of Willson v. Addison*,
　258 P.3d 410 (Mont. 2012).............................................................................5, 6

*Howard v. Replogle*,
　450 P.3d 866 (Mont. 2019)..................................................................................4

*In re Oracle Corp. Sec. Litig.*,
　627 F.3d 376 (9th Cir. 2010) ...............................................................................4

*Ricci v. DeStefano*,
　557 U.S. 557 (2009).............................................................................................4

*Steffensmier v. Huebner*,
　422 P.3d 95 (Mont. 2018)....................................................................................6

*Vates v. ACE Am. Ins. Co.*,
　No. CV-18-3976-PHX-DMF, 2020 WL 13469610 (D. Ariz. July 29, 2020).......6

**Statutes**

Mont. Code Ann. § 27-1-739...................................................................................6

**Rules**

Fed. R. Civ. P. 56 ............................................................................................... 1, 2, 3
Fed. R. Civ. P. 56(a) .................................................................................................4
Fed. R. Civ. P. 56(c)(1)(B) ........................................................................................4

The United States files this brief in support of its motion for summary judgment. Fed. R. Civ. P. 56. Because Plaintiff has no expert testimony on causation, summary judgment should be granted in the United States' favor.

## INTRODUCTION

After a family get-together in September 2020, Roger Holt contracted COVID-19. Following treatment and extended care at both the Fort Harrison VA and Denver VA for COVID-19 and other related complications, Holt died on October 21, 2020.

Plaintiff contends that medical staff at Fort Harrison violated the standard of care. Yet, despite the requirement that the standard of care, breach, *and causation* be supported by expert testimony, Plaintiff has presented no expert opinions that Plaintiff would have lived but for the alleged violations of the standard of care. Based on Plaintiff's failure to satisfy this element, she cannot prove her case and summary judgment should be granted.

## BACKGROUND

Roger Holt and his wife, Maria Del Mar Coll, had a Labor Day gathering with one of Holt's children in early September 2020. Statement of Undisputed Facts ("SUF"), ¶ 1. Following this gathering, Holt tested positive for COVID-19 on September 12, 2020. SUF, ¶ 2. On September 24, 2020, Holt began experiencing shortness of breath, so he was taken by ambulance to the Fort

1

Harrison VA and admitted to the intensive care unit. SUF, ¶¶ 3–4. On the morning of September 27, Holt was intubated and put on a ventilator. SUF, ¶ 5. That evening, he was flown to the Denver VA and admitted to the ICU. SUF, ¶ 6.

On September 30, Holt was taken off sedatives, but he remained unresponsive to verbal and tactile stimulus. SUF, ¶ 7. Imaging performed on October 1 showed evidence of strokes, which the radiologist read as "chronic," but the neurologists interpreted as "age-indeterminate." SUF, ¶ 8.

Holt received care at the Denver VA until his death on October 21. SUF, ¶ 9. The causes of death were multiple bilateral ischemic strokes, COVID-19 pneumonia, COVID-19 infection, and acute respiratory distress syndrome. SUF, ¶ 10.

Plaintiff filed a complaint seeking damages for survival and wrongful death. Dkt. 7, ¶ 35. Specifically, Plaintiff requests damages for loss of economic and family support, companionship, affection, society, consortium, comfort, and services; Holt's mental anguish, pain, and suffering; and funeral and burial costs. *Id.* Plaintiff did not assert a loss of chance theory. Plaintiff's negligence allegations for Holt's wrongful death relate only to the care provided at Fort Harrison.

Plaintiff only identified one expert. Dr. Scott Stuart, an internal medicine hospitalist physician, summarized his opinions on the standard of care and breach

2

during his deposition. All of these opinions relate to treatment for blood clots and strokes:

> At Fort Harrison they should have investigated with an ultrasound and a chest CT, with the angiographic help, looked for pulmonary emboli and deep venous thrombi in the legs, and I think they would have found them and they should have started full-dose anticoagulation for that. And I think the practitioners at Fort Harrison should have done more to investigate the confusion and figure out if there was something else going on. And I think all of that care would have really helped the Denver critical care folks, because they kind of received Mr. Holt and they were a little behind the eight ball with all the stuff going on with him.

SUF, ¶ 13.

For purposes of this motion, the United States does not dispute that Plaintiff properly raised issues of material fact on the duty and breach elements of negligence.

After Dr. Stuart summarized his opinions as explained above, he was asked "Are you offering an opinion about whether if those things had been done, whether he would have to a reasonable degree of medical certainty been more likely to live?" SUF, ¶ 15. Dr. Stuart responded, "I am not." *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole

3

could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment should be granted. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

## ARGUMENT

Because Plaintiff does not have an expert opinion to support the causation element of negligence, summary judgment should be entered and Plaintiff's case dismissed.

To survive summary judgment on a medical negligence claim, a plaintiff must raise genuine issues of material fact about duty, breach of the duty, causation, and damages. *Beehler v. E. Radiological Assocs.*, 289 P.3d 131, 136 (Mont. 2012). Further, any allegation that a departure from the standard of care proximately caused plaintiff's injury must be supported by expert testimony. *Howard v. Replogle*, 450 P.3d 866, 870 (Mont. 2019). Without such expert testimony, no

4

genuine issue of material fact exists, and the defendant is entitled to judgment as a matter of law. *Est. of Willson v. Addison*, 258 P.3d 410, 414 (Mont. 2012).

"[P]roof of causation is satisfied by proof that a party's conduct was a cause-in-fact of the damage alleged." *Busta v. Columbus Hosp. Corp.*, 916 P.2d 122, 139 (Mont. 1996). A party's conduct is a cause-in-fact of an event "if the event would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the event, if the event would have occurred without it." *Id.* (internal quotations omitted).

In a case similar to this, the Montana Supreme Court granted summary judgment where Plaintiff presented no expert opinions that a specific medication given to the patient shortened her life. *Addison*, 258 P.3d at 415. In that case, a woman with metastatic breast cancer was admitted to hospice. *Id.* at 412. Her physician, Dr. Addison, ordered medication for anxiety and pain on an as-needed basis. *Id.* at 412–13. The complaint alleged that the administration of this medication expedited the patient's death, but the allegation was not supported by an expert opinion. *Id.* at 413–414. This lack of expert support was sufficient for dismissal.

Similarly, in this case, Plaintiff does not have any expert testimony that but for the alleged negligence of the Fort Harrison providers, Mr. Holt would have lived. Rather, when asked if he would offer an opinion that Holt "to a reasonable degree of medical certainty [would have] been more likely to live" if the standard

5

of care had been observed, Dr. Stuart stated he would not offer such an opinion. SUF, ¶ 15.

Though Dr. Stuart did offer some intermediate causation opinions—like that if the standard of care had been followed, Holt's side effects from the stroke would have been reduced, SUF ¶ 16—that is not sufficient to complete that causal chain. That chain needs to link the alleged negligence directly to Mr. Holt's death, not merely to an improved neurological condition; the First Amended Complaint only seeks damages for survivorship and wrongful death, dkt. 7, ¶ 34, so any alleged negligence must necessarily be the proximate cause of Holt's death based on such claims.

Importantly, Plaintiff has not plead, asserted, provided expert testimony on, or otherwise put the United States on notice of a loss of chance theory of causation, which instead of "but for" causation requires proof that negligence "reduces a patient's chance of recovering *and* the [negligence] is a contributing cause of . . . death." Mont. Code Ann. § 27-1-739 (emphasis added). Whether the loss of chance theory must be plead has been raised but not decided by the Montana Supreme Court, *Steffensmier v. Huebner*, 422 P.3d 95, 99 (Mont. 2018), though it has mentioned in dicta that a party could not attempt to rely on the loss-of-chance theory on appeal when it was not pled, *Addison*, 258 P.3d at 417. Other jurisdictions have held it must be pled in the complaint. *Vates v. ACE Am. Ins. Co.*, No. CV-18-3976-PHX-DMF, 2020 WL 13469610, at *4 (D. Ariz. July 29, 2020);

6

*Campbell v. United States*, No. CV 10-184-GMS, 2013 WL 4875119, at *5 (D. Del. Sept. 12, 2013). Plaintiff did not plead a loss of chance theory in her complaint or amended complaint and therefore cannot raise it now.

Plaintiff also did not raise this theory in initial disclosures, discovery responses, or in its expert's disclosure. The only statement in Dr. Stuart's disclosure related to causation is that strokes should have been considered as potential "causes" of Holt's confusion. SUF, ¶ 16. Thus, if the Plaintiff does intend to use such a theory, the United States has not been on notice, and such a theory should be disallowed.

Even if the Court were to hold that Plaintiff could rely on such a theory, Dr. Stuart's statement that he would not offer an opinion about whether Holt would have "been more likely to live" had the standard of care been observed, SUF, ¶ 15, also means that Plaintiff does not have expert support for an argument that a violation of the standard of care reduced Holt's chance of recovering. Plaintiff has no expert support for a loss of chance theory, either.

Expert opinions on causation are especially necessary in this case where Plaintiff was suffering from a wide range of conditions and complications, including COVID-19. In fact, his death certificate indicates multiple causes of death: multiple bilateral ischemic strokes, COVID-19 pneumonia, COVID-19 infection, and acute respiratory distress syndrome. SUF, ¶ 10. There is no evidence

supported by an expert opinion that any alleged negligence was the proximate cause of Holt's death.

## CONCLUSION

The United States respectfully requests that summary judgment be granted as there is no genuine issue of material fact on the causation element.

**DATED** this 20th day of January, 2023.

                                            JESSE A. LASLOVICH
                                            United States Attorney

                                            /s/ Abbie J.N. Cziok
                                            ABBIE J.N. CZIOK
                                            MARK STEGER SMITH
                                            Assistant U.S. Attorneys
                                            Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,727 words, excluding the caption and certificates of service and compliance.

**DATED** this 20th day of January, 2023.

>/s/ Abbie J.N. Cziok
>ABBIE J.N. CZIOK
>MARK STEGER SMITH
>Assistant U.S. Attorneys
>Attorneys for Defendant