MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

ABBIE J.N. CZIOK
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5268
Fax: (406) 457-5130
Email: abbie.cziok@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARIA DEL MAR COLL, Individually, and as Personal Representative of the Estate of Roger Holt,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV 21-113-GF-BMM<br><br>**UNITED STATES' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

The United States files this reply brief in support of its motion for summary judgment. Fed. R. Civ. P. 56. Plaintiff concedes that she does not have evidence to support a "but for" theory of causation.

As for the loss-of-chance theory of causation, Plaintiff did not plead it or otherwise put the United States on notice of such a theory. Despite Plaintiff's arguments, her expert has not offered loss-of-chance causation testimony linking negligence to Holt's death, which is required for Plaintiff's claims for wrongful death and survival. Thus, Plaintiff has not marshalled material evidence to support either theory of causation and the case should be dismissed with prejudice.

## ARGUMENT

Plaintiff concedes she has no evidence in support of a but-for theory of causation, dkt. 26, p. 2, and so retreats to the loss-of-chance theory of causation. She cannot rely on and prove such a theory. First, the United States was not on notice of a loss of chance theory of causation. Second, Plaintiff has no expert testimony linking the alleged negligence to Plaintiff's *death,* which is the damage being complained of in this case. Finally, even if the Court finds loss of chance claims do not need to be pled (it should not), and if the court further holds that pain and suffering can be recovered under a survivorship claim even in the absence of evidence linking purported negligence to death, then only that claim and element

of damages could persist, and all else should be dismissed.

### I. The United States was not on notice of a loss-of-chance theory of causation.

As explained in the United States' opening brief, dkt. 21, pp. 6-7, Plaintiff did not plead or otherwise put the United States on notice of a loss-of-chance theory. In Plaintiff's response, she relies on language in paragraph 34 of the Amended Complaint to argue that she did allege such a theory. Dkt. 26, pp. 2-3. But the language in that paragraph discusses Holt's death as the "direct and proximate" result of "omissions of the VA."

> 34. As a direct and proximate result of each of the acts and omissions of the VA and health care providers at the Ft. Harrison Health Center alleged in this Complaint, Roger Holt's condition deteriorated and he suffered severe injuries, resulting in his death.

Dkt. 7, ¶ 34. Discussing negligence as directly causing a result (here death) is language of but-for causation. *Fisher v. Swift Transp. Co.*, 181 P.3d 601, 609 (Mont. 2008). Further, the mention of Holt's condition deteriorating in that paragraph, particularly in light of the phrase "direct and proximate cause," merely established the full causal chain, from negligence to death. We do not ask that Plaintiff use the "magic words," but no language in the complaint even mentions the loss-of-chance theory or statute. The Montana Supreme Court has indicated in dicta that such a theory must be pled. *Estate of Willson v. Addison*, 258 P.3d 410,

2

417 (Mont. 2012).

The loss-of-chance theory was also not disclosed in discovery, despite written interrogatories (5, 9, 15) specifically asking Plaintiff to identify and explain the bases for her claim.

The United States was not on notice.

## II.  Plaintiff's expert's opinions did not link negligence to a reduced chance of Holt surviving his illness.

Plaintiff's claims and request for damages in this case revolve around Holt's death. Plaintiff brought a wrongful death claim and a survival claim, dkt. 7, ¶ 35, both of which can only be brought because of Plaintiff's death. The Montana Supreme Court has recognized that a "survival action belongs to the decedent's estate and allows recovery for the injury to the deceased *from the action causing death.*" *Payne v. Eighth Jud. Dist. Ct.*, 60 P.3d 469, 472 (Mont. 2022). There is no testimony that any negligence caused Plaintiff's death. Additionally, in light of the facts of this case and requirements of a loss of chance theory, Plaintiff must establish causation connecting the negligence to Holt's *death*, not merely to reduced function of specific bodily systems. The loss-of-chance statute recognizes that this full causal chain must still be established, requiring that "a negligent act or omission during diagnosis or treatment for a medical condition reduce[d] a patient's chance of recovering." Mont. Code Ann. § 27-1-739.

The quotations Plaintiff highlighted from Dr. Stuart's report do not establish this full causal chain. Plaintiff's report said that a chest CT would likely have led to actions that lessened the effects of Holt's respiratory failure and head CT would have led to actions that would have avoided some of his neurologic morbidity.[1] Dkt. 22, Ex. F. But he did not render the next necessary opinion that such failures reduced Plaintiff's chances of surviving his illness. In fact, Dr. Stuart expressly disclaimed offering an opinion about whether Holt would have been more likely to live if those steps had been taken. An opinion linking worsened lung function and neurologic illness to a reduced chance of recovery is particularly necessary in this case where Holt had many overlapping health issues. There were four direct causes of death and three contributing causes of death listed on Holt's death certificate, dkt. 22, exhibit E, so it is not safe to assume that an improvement in one of Plaintiff's biologic systems would have had an effect on his overall chance of survival.

In a recent case in the District of Montana, a plaintiff's expert opined that a nursing home's failure to provide adequate oral hygiene resulted in the patient's

---

[1] The medical term "morbidity" does not mean death. The *Oxford Concise Medical Dictionary*, 10th Ed., defines "morbidity" as, "the state of being ill or having a disease." (2020).

4

tooth decay and weight loss but did not opine on whether those conditions were a cause of her death. *Frederick v. Billings Partners, LLC*, Case 1:21-cv-00007-SPW, *Findings and Recommendations and Order of U.S. Magistrate Judge*, Dkt. 42, p. 8 (Nov. 30, 2022). The Court granted summary judgment based on the absence of this last causal link, concluding that "given that [plaintiff] suffered from a host of other serious medical conditions, it would be impossible without expert testimony for the trier of fact to determine which condition caused or contributed to her death, and whether [her] oral hygiene/weight loss had any causal relationship to her death." *Id.*, p. 10. Though not controlling, this analysis is helpful in situations where causation testimony does not form a complete bridge from breach to death, particularly when the plaintiff is experiencing overlapping health issues.

Similarly, the statements highlighted by Plaintiff from Dr. Stuart's deposition suffer the same problem as the opinions in his report—they do not close that final gap, linking Holt's reduced lung and brain function to a lesser chance of Holt surviving his illness. Again, Dr. Stuart disclaimed any such opinion, and in lieu of such an expert opinion, Plaintiff cannot prove her wrongful death or survivorship claims.

### III. In the alternative, Plaintiff should only be allowed to pursue survival damages for pain and suffering Holt experienced prior to his death.

Finally, even if the Court finds loss of chance claims do not need to be pled (it should not), and if the court further holds that pain and suffering can be recovered under a survivorship claim even in in the absence of evidence linking purported negligence to death, then only that claim and element of damages could persist, and all else should be dismissed. Under no circumstances should Plaintiff be permitted to pursue her wrongful death claim, as there is no expert testimony that Holt's chance of surviving his illness was reduced because of the alleged negligence.

Dr. Stuart did offer opinions about Holt's health short of his death. He opined that if the standard of care had been observed, Holt's lung and brain function may have been improved. Again, we dispute that this meets the requirement that the "negligent act or omission during diagnosis or treatment for a medical condition reduce[d] [Holt's] *chance of recovering*." Mont. Code Ann. § 27-1-739. But if the Court disagrees, at most, Plaintiff could argue for survival damages related to Holt's pain and suffering prior to his death.

## Conclusion

Plaintiff concedes that she does not have evidence to support a "but for" theory of causation.

Plaintiff's claims should be dismissed as Plaintiff did not disclose the loss-

6

of-chance theory of causation and did not disclose expert testimony in support of such theory. In addition, Plaintiff's expert has not offered testimony linking negligence to Holt's death, which is required for Plaintiff's claims.

**DATED** this 24th day of February, 2023.

                                    JESSE A. LASLOVICH
                                  United States Attorney

                                  /s/ Abbie J.N. Cziok
                                  ABBIE J.N. CZIOK
                                  MARK STEGER SMITH
                                  Assistant U.S. Attorneys
                                  Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1,411 words, excluding the caption and certificates of service and compliance.

**DATED** this 24th day of February, 2023.

/s/ Abbie J.N. Cziok
ABBIE J.N. CZIOK
MARK STEGER SMITH
Assistant U.S. Attorneys
Attorneys for Defendant
